UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| GARRETT MATTHEW DICKEY | CIVIL ACTION |
|---|---|
| VERSUS | |
| APACHE INDUSTRIAL SERVICES, INC. | NO. 18-572-SDD-RLB |

## ORDER

Before the Court is Plaintiff's Motion to Compel. (R. Doc. 22). The motion is opposed. (R. Doc. 27). Plaintiff has filed a Reply. (R. Doc. 30).

**I.     Background**

On October 12, 2017, Garrett Matthew Dickey ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming Apache Industrial Services, Inc. ("Defendant" or "Apache") as the sole defendant. (R. Doc. 1-2). On October 24, 2013, Mr. Scott A. Thibodeaux, the Executive Vice President of Apache, made Plaintiff an employment offer for the position of Account Manager with a $100,000 annual salary and a bonus of "1% of revenue for all new business opportunities" delivered by Plaintiff, with the bonus being reduced to 3/4% for "routine maintenance contracts" after the third year of employment. (R. Doc. 1-2 at 6-7). Plaintiff is now seeking, in addition to certain wages, fees, and costs, an award of the 1% revenue bonus or an alternative award based on detrimental reliance. (R. Doc. 1-2 at 3-4).

Apache removed the action on May 23, 2018. (R. Doc. 1). Apache contends that the employment letter was extended to Plaintiff by mistake and without authority, the offer was never accepted by Plaintiff because he applied for and took employment with Apache Painting,

Inc. in November of 2013, and Plaintiff is not otherwise entitled to a bonus because he did not deliver a single new business opportunity. (R. Doc. 27 at 1).

On August 16, 2018, Apache provided its initial disclosures. (R. Doc. 27-1 at 1-9). The documents produced by Apache with its initial disclosures include the employment letter and related emails, Plaintiff's wage information, Plaintiff's personnel file, written discovery requests and responses in this matter, and deposition transcripts and exhibits. (R. Doc. 27-1 at 7). Prior to providing its written initial disclosures, Apache produced flash drives containing the following categories of documents: "Dickey Emails,"[1] "Dickey Data,"[2] and "Dickey Customer/Projects."[3] (R. Doc. 27-1 at 7).

On September 21, 2018, Apache supplemented its written initial disclosures. (R. Doc. 27-1 at 14-15). The day before providing its supplemental written disclosures, Apache produced documents categorized as "Job Setup Sheets" on a "Sharefile." (R. Doc. 27-1 at 13).

On November 20, 2018, Plaintiff served his First Set of Interrogatories, Requests for Admissions, and Requests for Production on Apache. (R. Doc. 22-2). Apache provided responses on February 12, 2019. (R. Doc. 22-3). Prior to the filing of the instant Motion to Compel, Plaintiff's counsel attempted to resolve the parties' dispute with respect to the sufficiency of Apache's responses without court intervention, including discussing with opposing counsel "the nature, timing and content of Apache's discovery responses." (R. Doc. 22-1 at 33-34; *see* R. Doc. 22 at 4).

On March 7, 2019, Plaintiff filed the instant Motion to Compel arguing that Apache's responses were untimely and insufficient. Plaintiff seeks an order (1) requiring Apache to

---

[1] These documents were produced on August 9, 2018. (R. Doc. 27-1 at 10).
[2] These documents were produced on August 9, 2018. (R. Doc. 27-1 at 11).
[3] These documents were produced on August 15, 2018. (R. Doc. 27-1 at 12).

identify specific documents responsive to Interrogatory Nos. 1, 3, 4, 5, and 6, and Requests for Production Nos. 1, 2, 4, 5, 12, 21, 24, 25, 26, 27, 28, 37, and 38; (2) requiring Apache to provide responses without objections to Interrogatory Nos. 8 and 10, and Requests for Production Nos. 6, 7, 8, 9, 11, 12, 17, 20, 22, 23, 29, 30, 31, 32, 36, and 37; and (3) striking Apache's denials to Requests for Admission Nos. 2, 3, 4, 6, 8, 12, 13, 14, 15, 17, and 18; and (4) awarding attorney's fees and costs.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rule 36 of the Federal Rules of Civil Procedure provides for the service of requests for admissions. A party may serve a request for admission on any other party seeking an admission of "the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application

4

of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

A party must respond or object to interrogatories, requests for production, and requests for admission within 30 days after service. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

 B. Analysis

  1. **Waiver of Objections**

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). A waiver of objections may occur even if written responses are provided after the filing of a motion to compel and prior to a ruling on such a motion. *See Aubin v. Columbia Cas. Co.*, No. 16-290, 2017 WL 1682661, at *6 (M.D. La. Apr.

25, 2017) (objections waived where written responses were provided over one month after the filing of the motion to compel).

To the extent a party has raised "general objections" to discovery requests without providing specific objections and reasons for objecting corresponding to the specific discovery requests, those objections are insufficient and are waived. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. 34(b)(2)(B) (objections must be made "with specificity" and include reasons); Fed. R. Civ. P. 36(a)(5) (objections to a request for admission must be stated); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."); *Wittmann v. Unum Life Ins. Co. of Am.*, No. 17-9501, 2018 WL 1912163, at *3 (E.D. La. Apr. 23, 2018) (ignoring general objections, "except insofar as they are specifically asserted in defendant's individualized response to particular discovery requests."). Furthermore, a party may not raise specific objections to a request for production without identifying whether any documents have been withheld on the basis of those objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").

Apache contends that it did not meet the deadline to respond to Plaintiff's discovery requests because its counsel was operating "under an informal extension of time graciously understood between counsel." (R. Doc. 27 at 4). Plaintiff refutes this contention. (R. Doc. 30 at 1). Plaintiff submits an affidavit from his counsel providing that he "did not speak with counsel

for Apache regarding Dickey's outstanding discovery requests until after the deadline for Apache to respond to such requests had passed," and at no time did Apache's counsel ask for an extension to respond to the discovery requests or obtain one from Plaintiff's counsel. (R. Doc. 30-1). Apache has made no attempt to controvert Plaintiff's counsel's assertions or otherwise to present any evidence of an informal or formal extension of the deadline to respond to Plaintiff's discovery requests. Given the record, the Court finds that Apache failed to provide timely written responses to Plaintiff's written discovery requests and has, accordingly, waived its objections to Plaintiff's written discovery requests other than those based on privilege.

### 2. Organization of the Produced Documents

Plaintiff asserts that there is no "rhyme or reason" to the data contained within the four main folders produced by Apache – Dickey Emails, Dickey Data, Dickey Customer/Projects and Job Setup Sheets – as part of its initial disclosures. (R. Doc. 22-1 at 3). The record indicates that Apache relies solely on these documents (with the exception of certain post-motion supplemental productions) as the universe of documents produced in response to the discovery requests. In addition to complaining of the volume of documents produced without Bates numbers, Plaintiff asserts that these folders contain a labyrinth of additional subfolders, zip files, and irrelevant personal photographs and videos. (R. Doc. 22-1 at 3-4).[4] Plaintiff produced screenshots of the various folders and subfolders. (R. Docs. 22-5 to 22-12). According to Plaintiff, the "files were produced in a completely unorganized manner, rendering it impossible to determine which particular documents Apache considers responsive to each of the discovery requests." (R. Doc. 22-1 at 6).

---

[4] Plaintiff makes much of the fact that Apache produced 12 gigabytes of data. (R. Doc. 22-1 at 2-3). The Court is unimpressed with this number, particularly given the fact that Apache's production included photographs and videos.

"A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Apache has made no representation that it produced the foregoing documents as they are kept in the usual course of business. *See United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) ("A party claiming that documents were produced as kept in the usual course of business bears the burden of demonstrating that fact."). As discussed further below, Apache has responded to various discovery requests by referencing documents it had already been produced without any specific reference to where the documents could be located. Given the record, the Court will require Apache to Bates number all documents responsive to Plaintiff's discovery requests, produce those documents in a single production, and identify the responsive documents by Bates number. Reliance on the documents produced with Apache's initial disclosures is unacceptable given their lack of organization. *See MMR Constructors, Inc. v. Syngenta Crop Prot., Inc.*, No. 06-918, 2008 WL 11351444, at *4 (M.D. La. Dec. 16, 2008) ("Simply randomly placing documents on a DVD or jump drive is not what the Rule envisions. . . . This is an unacceptable and sloppy production.").

Based on the foregoing, Apache must Bates number any documents to be produced in light of this ruling and produce those documents to Plaintiff within **14 days** of the date of this Order, or as otherwise agreed upon by the parties.

### 3. Plaintiff's Interrogatory Nos. 1, 3, 4, 5, and 6

Plaintiff's Interrogatory Nos. 1, 2, 3, 4, 5, and 6 seek information with respect to the terms of Plaintiff's employment, information with respect to employees and business projects, and the manners by which information was tracked for new businesses. Apache did not specifically object to these interrogatories. Furthermore, instead of answering the

interrogatories, Apache directed Plaintiff to his personal file, compensation records, and other "voluminous documents" produced by Apache. It appears that these referenced productions were made on the flash drives and share drives discussed above without any Bates numbers or coherent organization.

Apache's responses do not provide "sufficient detail" to enable Plaintiff to locate and identify the responsive documents as readily as Apache could. *See* Fed. R. Civ. P. 33(d)(1); *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 765925, at *3 (M.D. La. Feb. 25, 2011) ("Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding party. Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available.").

Given the boilerplate responses provided by Apache, the Court will require Apache to either identify the specific documents relied upon by Bates number with respect to each of the foregoing interrogatories, or provide written responses to these interrogatories, within **14 days** of the date of this Order, or as otherwise agreed upon by the parties.

### 4. Plaintiff's Requests for Production Nos. 1, 2, 4, 5, 12, 21, 24, 25, 26, 27, 28, 37, and 38

Plaintiff's Requests for Production Nos. 1, 2, 4, 5, 12, 21, 24, 25, 26, 27, 28, 37, and 38 seek documents related to Plaintiff's employment, bonus agreement, and information with respect to his employer and business projects. With few exceptions, Apache did not object to the foregoing requests for production. In all responses, however, Apache stated that the documents sought had been "previously produced" without any specific identification of where to locate the documents.

9

As discussed above, Apache has waived its objections to these requests for production with the exception of any objections based upon privilege or an immunity. Apache's reliance on "previous" productions is insufficient given that Apache has not met its burden of establishing that the documents were produced as they were kept in the unusual course of business. *See* Fed. R. Civ. P. 34(b)(2)(E)(i). The Court will require Apache to produce and identify the documents responsive to each of the foregoing requests for production by Bates number within **14 days** of the date of this Order, or as otherwise agreed upon by the parties.

        5.        **Plaintiff's Interrogatory Nos. 8 and 10, and Requests for Production Nos. 6, 7, 8, 9, 11, 12, 17, 20, 22, 23, 29, 30, 31, 32, 36, and 37**

Plaintiff's Interrogatory Nos. 8 and 10, and Requests for Production Nos. 6, 7, 8, 9, 11, 12, 17, 20, 22, 23, 29, 30, 31, 32, 36, and 37 seeks a wide-range of information and documents. Apache made various objections to these discovery requests, including lack of relevance, undue burden, and lack of proportionality. As discussed above, Apache waived these objections by failing to provide timely written responses.

Plaintiff addresses Apache's objections to these discovery responses in detail in support of its motion. (R. Doc. 20 at 17-32). In opposing the motion, however, Apache provides little argument in support of a finding that its objections, if not waived, should be sustained. The bulk of Apache's opposition simply reiterates the discovery requests and responses, providing only a few interspersed "comments." (R. Doc. 27 at 5-41). With respect to Interrogatory Nos. 8 and 10, and Requests for Production Nos. 6, 7, 8, 9, 11, 17, 20, 22, 23, 29, 30, 31, 32, and 36, Apache makes the conclusory statement that it "does not believe" its responses to these discovery requests are "deficient," adding the bizarre statement that Plaintiff did not make these responses "part of his motion to compel." (R. Doc. 27 at 12, 14, 24-25, 27, 29, 31, 32, 35-38). To be clear,

Plaintiff seeks an order compelling supplemental responses to the foregoing discovery requests in the memorandum submitted in support of his motion. (R. Doc. 22-1 at 35).

Apache provides "supplemental" responses to Request for Production Nos. 12, 17, and 37. (R. Doc. 27 at 27, 29, 39). It is unclear whether these supplemental responses and corresponding productions resolve the parties' dispute with respect to these discovery requests.

Based on the foregoing, the Court will require Apache to provide supplemental responses with respect to the foregoing discovery requests, without further objection, within **14 days** of the date of this Order, or as otherwise agreed upon by the parties. Apache must also identify, by Bates number, the documents produced in response to each request for production.

### 6. Plaintiff's Requests for Admission Nos. 2, 3, 4, 6, 8, 12, 13, 14, 15, 17, and 18

Plaintiff seeks an order striking Apache's denials to Plaintiff's Requests for Admission Nos. 2, 3, 4, 6, 8, 12, 13, 14, 15, 17, and 18. Plaintiff represents that he "does not believe that this Court needs to take any action regarding Apache's untimely responses to such Admissions" but nevertheless seeks relief "to the extent that action by this Court is preferred." (R. Doc. 2-1 at 5). Apache failed to provide any substantive response to Plaintiff's arguments and merely replicate its responses to the requests for admission. (R. Doc. 27 at 14-20).

Because Rule 36 is self-executing, all of Plaintiff's Requests for Admission are deemed admitted by default. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36(b) provides that "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. Proc. 36(b); *see In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or

amended by motion in accordance with Rule 36(b)."). The Court may "permit the withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Based on the foregoing, the Apache is deemed to have admitted Plaintiff's Requests for Admission Nos. 2, 3, 4, 6, 8, 12, 13, 14, 15, 17, and 18 as a matter of law. Accordingly, the Court will need not grant the relief of striking Apache's denials. Apache must file an appropriate motion to withdraw or amend the deemed admissions.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 22) is **GRANTED IN PART and DENIED IN PART**. Apache shall provide supplemental responses, as discussed in the body of this Order, within **14 days** of the date of this Order, or as otherwise agreed upon by the parties. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 9, 2019.

*/s/ Richard L. Bourgeois, Jr.*
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**